# CHARLESTON.

HOWES v. BALTIMORE & OHIO RAILROAD COMPANY.

Submitted November 23, 1915.   Decided December 14, 1915.

1. APPEAL AND ERROR—*Verdict—Evidence.*
    Where two theories of a case are presented by the evidence, each supported by sufficient evidence to sustain a verdict, and the case has been fairly submitted to the jury by instructions upon each of the theories, the verdict of the jury will not be set aside.   (p. 371).

2. TRIAL—*Refusal of Instructions Covered.*
    Where instructions already given by the court cover the entire case, and properly submit it to the determination of the jury, the court may refuse other instructions tendered, which would not furnish additional aid to the jury in reaching a proper verdict.   (p. 372).

3. SAME—*Instructions—Construction as a Whole.*
    The instructions given to the jury must be taken together, and read and considered as a whole, taken in connection with the pleadings and the evidence.   (p. 372).

4. SAME—*Instruction—Evidence.*
    An instruction should not be given unless relevant, and it is not relevant unless there was evidence tending to prove the facts on which the instruction is based.   (p. 372).

Error to Circuit Court, Upshur County.

Action by Granville A. Howes against the Baltimore & Ohio Railroad Company.   Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Young & McWhorter*, for plaintiff in error.
*Jerome V. Hall* and *H. Roy Waugh*, for defendant in error.

MASON, JUDGE:

This is an action of trespass on the case by Granville A. Howes against the Baltimore and Ohio Railroad Company. Plaintiff alleges in his declaration, ''That as a passenger, while getting aboard said train, and while the plaintiff was yet on the platform of a passenger coach of said train, the said train was suddenly, carelessly and negligently jerked or moved with such violence that the plaintiff was thereby thrown between the end and couplings of the coach upon the platform of

which he was at the time of the jerking and movement of said train as aforesaid and the next coach of the said train in front of and attached thereto; that because of said careless, negligent and wilful misconduct of the defendant through its servants and employees, as aforesaid, plaintiff sustained serious and permanent injuries to his right foot.'' Defendant demurred to the declaration. The demurrer was overruled; plea of not guilty was entered, and issue joined thereon. There was a trial before a jury, and verdict for the plaintiff for $1250. Defendant moved the court to set aside the verdict upon the ground that it was contrary to law and the evidence; that the damages were excessive; that the court erred in admitting evidence over defendant's objection, and in refusing to permit the defendant to introduce certain testimoney; and that the court erred in giving certain instructions on behalf of the plaintiff, and in refusing to give certain other instructions asked for by the defendant. The motion was overruled, and judgment was entered for the plaintiff on the verdict, to which the defendant excepted. Four bills of exceptions were taken and made parts of the record. The first certified all the evidence; the second certified certain questions asked and answered, and objected to by the defendant, and others asked by defendant and answers not permitted; the third certified the instructions asked for and given by both parties; and the fourth the motion made by the defendant to set aside the verdict.

The plaintiff introduced testimony to show that he went to the depot of the defendant company at Sago with the intention and purpose of boarding the defendant's train. That the train on this particular day consisted of an engine, tender, five box cars, and two passenger coaches. That when the train made its first stop at Sago, the station was called, some passengers got off, and others, among them the plaintiff, got on the train. That of the two passenger coaches, the one designated the smoker was on the rear of the train, and the ladies' coach was immediately in front of the smoker, and only the steps between these two cars were used by passengers in leaving or boarding the train. That when plaintiff boarded the train, going up the steps of the smoker, he hesitated on the platform of the smoker long enough to allow those coming

up the steps of the ladies' coach to pass inside the car. That he then started to go inside the ladies' coach, crossing from one of the car platforms to the other. That just then the train was suddenly jerked, and plaintiff was thrown between the couplings of the two coaches and injured as alleged in the declaration.

The defendant introduced testimony to show that after the train had stood for a reasonable length of time, and due signal had been given, and while the plaintiff was standing on the front platform of the last car, the train was backed to unload freight, and in such backing the plaintiff's toe was caught between the bumpers of the two passenger cars and injured to some extent. Defendant contends that the train stood for a reasonable length of time and long enough to allow all passengers to get on the train and into the coaches, but that the plaintiff was standing on the platform talking to another man, and that he voluntarily placed himself and remained in a position of danger.

There is not much conflict in the testimony given by the plaintiff and the defendant, except as to why the plaintiff was on the platform at the time he was injured. It was a proper case to be submitted to the jury. It would have been improper for the court to set aside the verdict founded upon such conflicting oral testimony.

The court was asked to give, among others, the following instructions for the plaintiff. Those refused to the plaintiff are not copied into the record. All of the following were given over the objection of the defendant:

"Plaintiff's Instruction No. 1. The court instructs the jury that the relation of carrier and passenger commences when a person with good faith and intention of taking passage, with the express or implied consent of the carrier places himself in a situation to avail himself of the facilities of transportation, which the carrier offers; that this relation does not arise merely when the passenger enters the train with a ticket already purchased, but when he enters upon the premises of the carrier with intention to take a train in due course, and that if the jury believe that the plaintiff on the morning of November 24th, 1913, went to the station of the defendant railroad company at Sago, as alleged in the declaration, with

the intention to take the train of the defendant company and got aboard or attempted to get aboard the train of the defendant company at said station when it stopped for the purpose of letting off and taking on passengers, with intent to pay fare and do whatever else was required to entitle him to transportation, he then and there became a passenger by implied acceptance."

"Plaintiff's Instruction No. 2. The Court further instructs the jury that it was prima facie the lawful right of plaintiff to become a passenger upon defendant's train."

"Plaintiff's Instructions No. 3. The court further instructs the jury that if they believe from the evidence that the plaintiff, Granville A. Howes, went to the defendant's depot at Sago, Upshur County, West Virginia, on the 24th day of November, 1913, with the intention and for the purpose of becoming a passenger on defendant's train, and if they further believe from the evidence that the plaintiff while attempting to get on the said train, still intending so to become a passenger, not being at the time guilty of contributory negligence on his part, was injured by the wrongful jerking of the said train by the defendant, as alleged in the declaration; and if they further believe that the jerking or movement of the said train was due to the negligence of the defendant, and that the plaintiff sustained injury because of the negligent jerking or movement thereof, then they should find for the plaintiff and assess his damages at such amount as they think him entitled to recover, not exceeding, however, the sum of twenty-five hundred dollars."

"Plaintiff's Instruction No. 5. The court instructs the jury that it was the duty of the conductor, before giving the signal to the engineer of defendant's train to start, after the train had stopped to take on passengers to use ordinary and reasonable diligence to see that all passengers to take passage at that place were safely on board; and if you further believe from the evidence that the train was started when defendant's employes knew, or by reason of ordinary and reasonable care could have known that the plaintiff was attempting to board the train, and was not yet to a place of safety on the train, and further so believe that the plaintiff himself was without fault, then the defendant company is liable for such injuries

if you may find from the evidence any sustained by plaintiff."

"Plaintiff's Instruction No. 8. The court further instructs the jury that if under the evidence they find the defendant guilty as in the declaration alleged, then in estimating the damages of the plaintiff they have a right to take into consideration (1) such special damages if any as were incurred by plaintiff by reason of his injuries (2) the value if any of the time lost from his occupation by reason of his injuries (3) fair compensation if any for mental and physical suffering (4) the probable effect if any of the injuries on plaintiff's health and (5) any lessening if any of plaintiff's power to labor and pursue the course of life that he might otherwise have done."

"Plaintiff's Instruction No. 9. The court further instructs the jury that if they believe from all the evidence that plaintiff's injury is permanent and further find from such evidence for the plaintiff, then in assessing plaintiff's damages they may consider plaintiff's probable duration of life, the physical and mental suffering if any of plaintiff, his loss of wages if any, proper compensation for not being able to perform or follow his calling or business if any and money if any shown to be spent by him for medical and surgical treatment."

"Plaintiff's Instruction No. 11. The court further instructs the jury that if from the evidence in the case they believe the defendant guilty of negligence on his part, then the defendant can not be excused from such negligence and any injuries that may have resulted to the plaintiff because of such negligence, although the act of the plaintiff may have contributed thereto, unless from the evidence it appears that plaintiff was guilty of legal negligence, that is to say, some act of negligence that an ordinarily prudent person would not have been guilty of under the same circumstances."

"Plaintiff's Instruction No. 13. The court further instructs the jury that if from the evidence they believe that the defendant was guilty of negligence on its part resulting in plaintiff's injury and defendant seeks to excuse itself from such injury by showing that plaintiff was guilty of contributory negligence on his part that the court further instructs the jury that the burden of proving such contributory negligence is upon the defendant, and that such contributory

negligence on the part of the plaintiff must be shown by a preponderance of all the evidence in the case.''

The defendant offered the following instructions, all of which were given except Nos. 8 and 11:

''Defendant's Instruction No. 1. The court instructs the jury that if they believe from the evidence that any witness who has testified in this case has knowingly and wilfully testified falsely to any material fact in the case, they may disregard the whole testimony of such witness, or they may give such weight to the evidence of such witness on other points as they may think it is entitled to. The jury are the exclusive judges of the weight of the testimony.''

''Defendant's Instruction No. 2. The court further instructs the jury that they are the sole judges of the credibility of the witnesses and in determining the weight given to the evidence of any witness they may consider the appearance and demeanor of the witness on the stand; their manner of testifying; their apparent candor and fairness; their apparent intelligence or lack of intelligence; their interest in the result of the suit; their opportunity for knowing the truth, and all other surrounding circumstances appearing on the trial and from all these things they are to determine which witnesses are the more worthy of credit, and to give credit accordingly.''

''Defendant's Instruction No. 3. The court further instructs the jury that before the plaintiff can recover in this case the burden of proof is upon him to show by a preponderance of the evidence that there was negligence or carelessness on the part of the defendant company, and that such negligence or carelessness was the proximate cause of the injury received; but if it appears from all the evidence in the case that the plaintiff himself was guilty of such carelessness or negligence at the time as contributed to the injury, that is, directly in part caused it, you can not find for the plaintiff.''

''Defendant's Instruction No. 4. The court instructs the jury that before they can award the plaintiff any damages in this case they must believe from the evidence that the defendant negligently or carelessly backed its train without due warning and before the plaintiff had had a reasonable time

to get into the car, and that the plaintiff himself was not so negligent or careless on his own part as materially to contribute to his injury.''

"Defendant's Instruction No. 5. The court·further instructs the jury that every person who travels by railroad assumes some risks, and unless some negligence of the carrier adds to that risk, there can be no liability for injury received by such traveler. And in this case, unless you believe from· the evidence that there was such negligence on the part of the defendant company, unmixed with carelessness or negligence on the part of the plaintiff, that caused the injury complained of, you shall find for the defendant.''

"Defendant's Instruction No. 6. The court further instructs the jury that even if you should believe from the evidence that the defendant company was negligent or careless in the moving of its train at the time of the injury, yet if you further believe from the evidence that the plaintiff by his own carelessness or negligence contributed to the injury, that is, directly in part caused it, you shall find for the defendant.''

"Defendant's Instruction No. 7. The court further instructs the jury that although the law requires of a railroad carrying passengers a high degree of care for a passenger's safety; yet the fact that a man is a passenger on said train and that the railroad company is charged with such care, does not relieve such passenger from the duty of taking ordinary care of his own safety. There is a reciprocal duty upon such passenger to exercise ordinary care and caution for his own safety, while traveling on such trains, or in getting on or off such trains; and if a passenger fails to exercise such care and caution and is injured thereby, he cannot hold the company liable therefor. And in this case, if you believe from the evidence that the plaintiff, at the time of the injury, failed to exercise ordinary care for his own safety, and by reason thereof, was injured, he can not hold the company liable, and you should find for the defendant.''

"Defendant's Instruction No. 8. The court further instructs the jury that a railroad carrying passengers has a right to establish reasonable rules and regulations for the safety of its passengers, and that it is the duty of passengers to observe such rules and regulations when known to them.

One of these reasonable rules and regulations is that forbidding passengers unnecessarily standing on the platform of cars.

And in this case, if you believe from the evidence that the defendant company had such rule known to the plaintiff at the time and that the plaintiff, in violation of such rule, stood on the platform of the car when he should have gone into the car, and had time and opportunity so to do while the car was standing still, and that such action on his part directly even in part caused the injury, you shall find for the defendant.''

"Defendant's Instruction No. 9.    The Court further instructs the jury that the mere fact that the plaintiff was injured while on the defendant's train, raises no presumption whatever that the defendant or those handling its train at the time were negligent, or that any negligence of the company or its employes caused the injury.''

"Defendant's Instruction No. 10.    The court instructs the jury that it is the duty of passengers, in traveling upon railroad trains to get on and off trains with all reasonable dispatch and promptness, without standing or lingering on the platform of the cars; and in this case, if you believe from the evidence that the train was stopped long enough to permit the passengers to get off and on, and that while the train was standing still after it had been stopped to take on passengers, and the passengers had been directed to get on board, and that plaintiff had reasonable time to have gone into the car off the platform, and that instead of so doing, the plaintiff stood on the platform of the car and talked to another party, and while standing thereon the cars were backed and the plaintiff's foot was caught between the cars and hurt, then the plaintiff is guilty of such contributory negligence as absolutely precludes his right of recovery, and, in such case, you shall find for the defendant.''

"Defendant's Instruction No. 11.    The court further instructs the jury that it is not in all cases the duty of a conductor or other person having charge of a railroad train to see that all persons desiring passage on a train are safely aboard before giving orders and starting the train.  His duty to passengers in this regard is fully discharged if, after the

train stops at a regular station, he waits a. reasonable length of time for passengers to get off and on the train before giving the proper signal and starting the train, unless he sees some one in the act of getting on or off the train or otherwise in a perilous position.

And in this case, if you believe from the evidence that the train stopped at a regular station for a reasonable length of time for the passengers to get off and on the train, and passengers during such time were put off and taken on, and that the conductor did not see any other passenger in the act of getting on or off the train, or otherwise in a perilous position, then he had the right to go to other parts of the train, if necessary, and give the proper signals and back the train to load or unload freight; and if, in such case and under such circumstances the plaintiff without the knowledge of the conductor attempted to board the train and was injured by the train backing in obedience to signals given by the conductor, and after warning whistle duly blown, he can not hold the railroad company liable therefor. In such case, if you believe from the evidence that the conductor waited such reasonable length of time for passengers to get off and on the train, and without seeing any one in the act of getting on or off the train, or otherwise in a perilous position, then he had the right to assume that the passengers were all on the train; and if the plaintiff, under such circumstances, attempted afterwards to board the train, and it was, in obedience to the directions of the conductor, backed, after a warning whistle had been blown, and the plaintiff was thereby injured, it was a risk assumed by him alone for which the defendant company is in no wise responsible, and, in such case, you shall find for the defendant.''

The plaintiff objected to all the instructions asked for by the defendant, and the defendant objected to all the instructions asked for by the plaintiff. The defendant points out no special objections to any of plaintiff's instructions, except Nos. 2, 3, 5, and 11. The other instructions do not appear to be objectionable.

Plaintiff's instruction No. 2 may have been good as an abstract proposition, but there was no reason for giving it in this case. No question was presented as to the right of the

plaintiff to become a passenger. The office of an instruction is to enlighten the jury as to the law in the case. The circuit court should have rejected this instruction; but as it does not appear that this instruction tended to confuse or mislead the jury, it was harmless, and not reversible error.

Plaintiff's instruction No. 3 is not erroneous when read in connection with defendant's instruction No. 6.

Plaintiff's instruction No. 5 is based on the plaintiff's theory of the case, and is supported by plaintiff's evidence. The defendant's theory of the case was presented by its instruction No. 10, which was given. Reading the two together, neither is objectionable.

Plaintiff's instruction No. 11 is inartistically drawn. It tells the jury that if they believe from the evidence in the case that the defendant was guilty of negligence on its part, it can not be excused from such negligence or any injury that may have come to the plaintiff because of such negligence, although the act of the plaintiff may have contributed thereto, unless the plaintiff was guilty of legal negligence, that is to say, some act of negligence that an ordinarily prudent man would not have been guilty of under the same circumstances. It is not quite clear what is meant by this instruction. Of course if the instruction can properly be construed as saying, that if the defendant is guilty of negligence, and the plaintiff is also guilty of negligence which contributed to his injury, still the defendant will be liable for injuries resulting from the negligence of the defendant, the instruction is erroneous, as it would violate the well established rule in regard to contributory negligence. But the instruction limits the negligence on the part of the plaintiff to "some act of negligence that an ordinarily prudent person would not have been guilty of under the same circumstances." Stating this proposition affirmatively, it may be said that what an ordinarily prudent person would do under the circumstances would not be negligence. But the instructions given in this case upon the question of the negligence which was required to establish liability upon the defendant, and the contributory negligence upon the part of the plaintiff which would defeat his right to recover, sufficiently presented to the jury the question of negligence, and it does not appear that the instruc-

tion could have been harmful. The jury were fully instructed upon the question of negligence and contributory negligence.

The defendant's instruction No. 8 is fully covered by its instruction No. 10. Instruction No. 11 is erroneous and was properly refused, because it is based on the theory that the plaintiff was injured while attempting to board the train. There is no evidence to support this view of the case. All the testimony is to the effect that the plaintiff got on the car before the train started, and that he was injured while on the car.

There is no error on the part of the court in permitting the questions propounded to witness Jonathan Marsh to be answered, nor in refusing to permit the witness David Curran to answer the questions asked him, as certified in the defendant's bill of exceptions No. 2.

We find no such error in the judgment as calls for reversal, and therefore affirm it.

*Affirmed.*